# THE UNITED STATES DISTRICT FOR THE DISTRICT OF MARYLAND

*PRECIOUS C. CALDWELL, JR.*

Plaintiff

v.

*LASANDRARITA CALDWELL, et. al*

Defendants

**Case # 1:06-cv-2891-RDB**

## MOTION TO DISMISS

The Defendants Kiatenai Stewart and Lasandrarita Caldwell, by and through their attorney, Richard Winelander, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(5), respectfully move this Honorable Court, to dismiss the complaint filed by, Plaintiff, Precious C. Caldwell, Jr. The grounds for this Motion are as follows:

1. This Court lacks subject matter jurisdiction over this case because diversity of citizenship is incomplete and the Complaint was improperly served on Kiatenai Stewart. The Defendants incorporate by reference the attached Memorandum of Points and Authorities.

Respectfully submitted,
Kiatenai Stewart and Lasandrarita Caldwell
By and Through Counsel

_____/s/_____
Richard Winelander
Federal Bar # 00045(MD)
1005 North Calvert Street
Baltimore, MD 21202
rw@rightverdict.com
410- 576-7980
Fax 443-378-7503

# THE UNITED STATES DISTRICT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| *PRECIOUS C. CALDWELL, JR.*<br><br>Plaintiff<br>v.<br>*LASANDRARITA CALDWELL, et. al*<br><br>Defendants | **Case # 1:06-cv-2891-RDB** |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

The Defendants Kiatenai Stewart and Lasandrarita Caldwell, by and through their attorney, Richard Winelander, respectfully request this Honorable Court pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(5), dismiss the complaint filed by the Plaintiff, Precious C. Caldwell, Jr. The grounds for this Motion are as follows:

### OVERVIEW

According to the complaint, the Plaintiff, Precious C. Caldwell, Jr., is a resident of New York. (See Complaint at ¶ 1). Mr. Caldwell has sued three defendants. Lasandrarita Caldwell, his sister, who is a resident of Maryland. (See Complaint at ¶ 4). Kiatenai Stewart, his niece, who is also a resident of Maryland, (See Complaint at ¶ 3) and Kiatenai Stewart's father, Curtis Stewart, who like the Plaintiff, is a resident of New York. (See Complaint at ¶ 2).

Mr. Caldwell's eight count complaint alleges he was damaged by the commission of various common-law torts. Count I alleges intentional infliction of emotional distress; Count II alleges defamation; Count III alleges abuse of process; Count IV alleges injurious falsehood; Count V alleges

assault and battery; Count VII[1] alleges false imprisonment and Count VIII alleges unreasonable publicity given to private life. While his complaint makes no allegation as to the jurisdiction of this court, the civil coversheet filed with the complaint claims that the basis of jurisdiction is diversity. Moreover, counsel cannot ascertain any other conceivable basis for jurisdiction.

## IMPROPER SERVICE

Kiatenai Stewart moves to dismiss the complaint pursuant to Fed Rule Civ. Pro.12(b)(5) for improper service. For the most part, this complaint alleges trivial affronts between relatives. After it was filed, counsel for the Plaintiff attempted numerous means of effectuating service of process upon the Defendants. Docket entries indicate the Court, on two occasions, issued Orders to show cause why the complaint should not be dismissed. In court filings, counsel for the Plaintiff claims that Defendant Kiatenai Stewart was served on November 17, 2006. As proof of service, Plaintiff attached a copy of a return receipt addressed to Kiatenai Stewart that was signed and received by an individual by the name of Glonnie Lasesne. The restricted delivery box was not checked. (See, Exhibit 1). The Defendant, Kiatenai Stewart, maintains that this service was improper and the case should be dismissed on that basis. See, *Brown v. American Institutes for Research*, 487 F.Supp.2d 613 (D. Md. 2007).

It is fundamental that due process of law requires proper service. In fact, it has been said that "due process of law cannot even begin" until service has been properly effectuated. *Id.* Fed Rule Civ. Pro. 4 does not by its terms authorize service of process by registered mail. However, subsection 4(h) authorizes service of process "pursuant to the law of the state in which the District Court is located." Fed Rule Civ. Pro. 4(h). Service by certified mail in Maryland is governed by Maryland Rule 2–121(a)(3). This rule allows "mailing to the person to be served a copy of the summons, complaint, and other

---

[1] There appears to be no count VI.

*Richard Winelander Esq.*
1005 North Calvert Street
Baltimore, MD 21202
410-576-7980

3

papers filed with it by certified mail requesting; *restricted delivery* – show to who, date, address of delivery." *Id (emphasis added).*

In the return of service filed in this case, Jessie Lyons Crawford, counsel for the Plaintiff, declared under the penalty of perjury that service was effectuated by "certified mail, restricted delivery."(See Exhibit 2). The sad fact of the matter is that nothing could be further from the truth. As the court can see from Exhibit 1, the restricted delivery box was not checked. In *Brown,* Judge Titus dismissed the complaint where, like here, service failed to comply with Maryland Rule 2–121(a)(3) and there were multiple blundered attempts to effectuate service. Ms. Crawford's procedural errors are compounded by her false statement under oath and additional misstatements in filings with this Court.[2] Similarly, this Court should dismiss this case as to the Defendant Kiatenai Stewart on that basis. Additionally, the Plaintiff's action is now subject to dismissal under Federal Rules of Civil Procedure Rule 4(m) because it was not served within 120 days.

## WANT OF SUBJECT MATTER JURISDICTION

Kiatenai Stewart and Lasandrarita Caldwell move to dismiss the complaint pursuant to Rule 12(b)(5) because this Court lacks subject matter jurisdiction over this dispute. The only indication of a basis for this Court's jurisdiction is the civil cover sheet filed with the complaint claims. While it claims jurisdiction is based on diversity, the Defendants believe diversity of citizenship is incomplete. If Defendants are correct there is a want of jurisdiction and the case should be dismissed.

---

[2] For example the falsification in the Certificate of Service on the "Motion for Default Judgment for Failure to Answer the Complaint." (See, generally exhibits 1 and 2 attached to the Defendants Motion for Extension of Time)

*Richard Winelander Esq.*
1005 North Calvert Street
Baltimore, MD 21202
410-576-7980

4

Diversity jurisdiction is a creature of statute, 28 U.S.C. § 1332(a)(1). Section 1332(a)(1) grants the district courts original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." *Id.* When this is the basis of Federal court jurisdiction, it is fundamental that diversity of citizenship must be complete, *Strawbridge v. Curtiss*, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806).

When a party seeks to invoke diversity jurisdiction pursuant to 28 U.S.C. § 1332, he or she bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete. *Advani Enterprises, Inc. v. Underwriters at Lloyds,* 140 F.3d 157, 160 (2d Cir.1998); *Evans v. B.F. Perkins, Co.,* 166 F.3d 642, 647 (4th Cir.1999). In reviewing a Fed.R.Civ.P. 12(b)(1) motion, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir.1991). In sum, a court should grant a Rule 12(b)(1) motion "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans v. B.F. Perkins Co.,* 166 F.3d at 647.

The requirement of complete diversity of citizenship mandates that each plaintiff meet the diversity requirements as to each defendant. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989). Thus, a controversy is not "between citizens of different states," so as to give jurisdiction to the federal courts, unless all the persons on one side of it are citizens of different states from all the persons on the other side, *Strawbridge, supra.* In other words, no plaintiff may be a citizen of the same state as any defendant, *Ware v Jolly Roger Rides, Inc*., 857 F.Supp. 462 (D.Md. 1994).

In *Jolly Roger,* the Plaintiff, Victoria A. Ware, a resident of Maryland, brought suit in this Court as a result of injuries she suffered while using a water slide in Ocean City, Maryland. She claimed jurisdiction based on diversity of citizenship. Her complaint alleged a controversy between citizens of different states. In that case, it was undisputed that the first-named Defendant in the suit, Jolly Roger Rides, Inc., was a Maryland corporation. Based on those facts, Judge Messitte not only dismissed the case but granted Rule 11 sanctions. In the case *sub judice,* the Plaintiff, Precious C. Caldwell, Jr. and the Defendant, Curtis Stewart, are both residents of the state of New York. Thus, the present controversy is not "between citizens of different states," and diversity of citizenship is incomplete. As a result, this Court lacks subject matter jurisdiction and this case should be dismissed.

WHEREFORE the Defendants[3] respectfully request that this Honorable Court dismiss the complaint filed against them.

Respectfully submitted,
Kiatenai Stewart and Lasandrarita Caldwell
By and Through Counsel

*/s/*
_____

Richard Winelander
Federal Bar # 00045(MD)
1005 North Calvert Street
Baltimore, MD 21202
rw@rightverdict.com
410- 576-7980
Fax 443-378-7503

---

[3] Although counsel does not represent Curtis Stewart he nonetheless maintains that the case should be dismissed as to Mr. Stewart as well.

*Richard Winelander Esq.*
1005 North Calvert Street
Baltimore, MD 21202
410-576-7980

6

## REQUEST FOR HEARING

The Defendants, Kiatenai Stewart and Lasandrarita Caldwell, by and through their attorney, Richard Winelander, respectfully request a hearing on the "Motion to Dismiss."

Respectfully submitted,
Kiatenai Stewart and Lasandrarita Caldwell
By and Through Counsel

*/s/*
_____
Richard Winelander
Federal Bar # 00045(MD)
1005 North Calvert Street
Baltimore, MD 21202
rw@rightverdict.com
410- 576-7980
Fax 443-378-7503

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of August 2007, a copy of this "Motion to Dismiss" was sent electronically to vangeison@acklaw.com and mailed first class, postage prepaid to:

Jessie Lyons Crawford, Esq.
2601 Maryland Avenue
Baltimore, MD 21218
Attorney for Plaintiff

*/s/*

Richard Winelander

*Richard Winelander Esq.*
1005 North Calvert Street
Baltimore, MD 21202
410-576-7980

7