IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PRECIOUS C. CALDWELL, JR.,     *

                                  *

        Plaintiff,

                                  *

   v.                         *          Civil No. RDB-06-2891

                                  *

LASANDRARITA CALDWELL, et. al,    *

        Defendants.             *

*    *    *    *    *    *    *    *    *    *    *    *    *

## MEMORANDUM OPINION

Plaintiff Precious C. Caldwell, Jr. filed the instant Complaint against Lasandrarita Caldwell, Kiatenai Stewart, and Curtis Stewart.  The seven-count Complaint alleges that Precious Caldwell suffered damages as a result of the commission of multiple common-law torts against him.  Pending before this Court is a Motion to Dismiss filed by Defendants Lasandrarita Caldwell and Kiatenai Stewart pursuant to Rules 12(b)(1) and 12(b)(5) of the Federal Rules of Civil Procedure.  (Paper No. 17.)  For the reasons set forth below, Lasandarita Caldwell's and Kiatenai Stewart's Motion to Dismiss is GRANTED pursuant to Rule 12(b)(1) because this Court lacks subject matter jurisdiction.  Additionally, although Defendant Curtis Stewart has not joined the Motion to Dismiss filed by Lasandrarita Caldwell and Kiatenai Stewart, the case will be dismissed as to him for lack of subject matter jurisdiction.

## BACKGROUND

On November 2, 2006, Precious C. Caldwell, Jr. filed a seven-count Complaint against Lasandrarita Caldwell, Kiatenai Stewart, and Curtis Stewart arising out of (1) a physical attack

of Kiatenai Stewart, (2) a public verbal attack by Kiatenai Stewart and Lasandrarita Caldwell, and (3) several threats of harm by Curtis Stewart.[1]  Specifically, the Complaint contains the following Counts: Count I alleges intentional infliction of emotional distress; Count II alleges defamation; Count III alleges abuse of process; Count IV alleges injurious falsehood; Count V alleges assault and battery; Count VII[2] alleges false imprisonment; and Count VIII alleges unreasonable publicity given to private life.

On August 20, 2007, Defendants Lasandrarita Caldwell and Kiatenai Stewart filed a Motion to Dismiss the Plaintiff's Complaint, claiming improper service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure and lack of subject matter jurisdiction under Rule 12(b)(1).  (Paper No. 17.)  On September 7, 2007, Precious Caldwell filed a Response to Defendants' Motion to Dismiss.  (Paper No. 23.)  Lasandrarita Caldwell and Kiatenai Stewart filed a Reply to Response to Motion to Dismiss on September 21, 2007.  (Paper No. 30.)

STANDARDS OF LAW

**I.      Rule 12(b)(5)**

A motion to dismiss for insufficient service of process is permitted by Federal Rule 12(b)(5).  Once service has been contested, the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4.  *Norlock v. City of Garland*, 768 F.2d 654, 656 (5th Cir. 1985).  Generally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service and uphold the jurisdiction

---

[1] The specific factual allegations contained in the Complaint are immaterial for purposes of resolving the pending Motion.

[2] Perhaps due to misnumbering the counts, the Complaint does not include Count VI.

2

of the court.  *Karlson v. Rabinowitz,* 318 F.2d 666, 668 (4th Cir. 1963); *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).  When there is actual notice, failure to strictly comply with Rule 4 may not invalidate the service of process; however, plain requirements for the means of effecting service of process may not be ignored.  *Armco*, 733 F.2d at 1089.

## II.     Rule 12(b)(1)

Defendants Kiatenai Stewart and Lasandrarita Caldwell move to dismiss Plaintiff Precious Caldwell's case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. "The plaintiff bears the burden of proving that subject matter jurisdiction properly exists in the federal court." *Biktasheva v. Red Square Sports, Inc.,* 366 F. Supp. 2d 289, 294 (D. Md. 2005).  A court may "consider evidence outside the pleadings" in a 12(b)(1) motion to determine if it has jurisdiction over the case.  *Richmond, Fredericksburg & Potomac R.R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir. 1991).  "The court should grant the 12(b)(1) motion only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Biktasheva,* 366 F. Supp. 2d at 294 (quoting *Richmond,* 945 F.2d at 768).

## DISCUSSION

## I.     Service of Process

Initially, Kiatenai Stewart seeks to dismiss the complaint pursuant to Rule 12(b)(5) because of insufficient service of process.  She was served a summons and copy of the complaint through certified mail, but not by restricted delivery.  Rule 4 does not specifically allow service of process by registered mail.  However, as Defendants note, Rule 4(e)(1) authorizes service of

3

process "pursuant to the law of the state in which the District Court is located."

The State of Maryland permits service of process through certified mail under Rule 2-121(a)(3), allowing "mailing to the person to be served a copy of the summons, complaint, and other papers filed with it by certified mail requesting: 'Restricted Delivery – show to who, date, address of delivery.'"  Technically, therefore, Precious C. Caldwell Jr.'s attempt at service by certified mail was invalid as he did not comply with the restricted delivery requirement of Maryland Rule 2-121(a)(3).  However, there is no need to resolve this claim as to only Kiatenai Stewart because there is clearly an alternative ground to dismiss this case as to all Defendants.

## II.      Subject Matter Jurisdiction

Kiatenai Stewart and Lasandrarita Caldwell seek to dismiss the Complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.  Precious C. Caldwell, Jr. claims this Court has jurisdiction over his case based on diversity of citizenship, pursuant to 28 U.S.C. § 1332.  Federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states."  28 U.S.C. § 1332(a)(1).  Kiatenai Stewart and Lasandrarita Caldwell claim that this Court lacks subject matter jurisdiction because there is no diversity of citizenship.

For two centuries, the Supreme Court of the United States has held that "a controversy is not 'between citizens of different states,' so as to give jurisdiction to the federal courts, unless all the persons on one side of it are citizens of different states from all the persons on the other side." *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).  Therefore, in order for diversity of citizenship to exist, "no plaintiff may be a citizen of the same state as any

4

defendant." *Ware v. Jolly Roger Rides, Inc.*, 857 F. Supp. 462, 463 (D. Md. 1994).

Although Defendant Curtis Stewart has not filed a motion seeking to dismiss this Complaint for lack of subject matter jurisdiction, this Court has an affirmative obligation to ensure that it has subject matter jurisdiction to entertain a lawsuit.  The United States Court of Appeals for the Fourth Circuit has explained that "it has often been held that federal courts must be alert to avoid overstepping their limited grants of jurisdiction.  At any stage of a litigation, . . . subject-matter jurisdiction may be questioned . . . .  If the court perceives the defect, it is obligated to raise the issue *sua sponte*." *McCorkle v. First Pennsylvania Banking and Trust Co.*, 459 F.2d 243, 244 n.1 (4th Cir. 1972) (citing *Louisville & Nashville Ry. Co. v. Mottley*, 219 U.S. 467 (1911)).  Precious Caldwell concedes that both he and Defendant Curtis Stewart are citizens of New York.  (Pl.'s Resp. 4.)   Therefore, there is no diversity of citizenship pursuant to 28 U.S.C. § 1132(a)(1) and this Court lacks subject matter jurisdiction to hear this case.

Therefore, Kiatenai Stewart and Lasandrarita Caldwell's Motion to Dismiss is GRANTED.  Pursuant to this Court raising the issue *sue sponte*, the case is likewise dismissed as to Defendant Curtis Stewart.

<u>CONCLUSION</u>

For the reasons set forth above, the Defendants' Motion to Dismiss for lack of subject matter jurisdiction (Paper No. 17) is GRANTED.  A separate Order follows.

/s/_____
Richard D. Bennett
United States District Judge

Date:   February 29, 2008

5